Green J.
delivered the opinion of the court.
The question in this case, arises upon the plea of nul tiel record, to a scire facias to charge the plaintiff in error as bail for John Swayne, on the execution of a writ of capias ad re-spondendum, at the suit of the defendant in error. It is insisted, there is a fatal variance between the condition of the bail bond, as set out in the sci. fa. and the one produced in evidence. The sci. fa. describes the bond to he conditioned, “That the said John Swayne should well and truly make his personal appearance at the said return term of the said capias, to answer the said Fielding G. Goodman, according to the requirements of said capias.
*274 The condition of the bond produced in evidence, is, that “If Swayne will appear at &c., and answer the complaint of Fielding G. Goodman, in a plea of trespass on the case, and not depart without leave cf the court, then” &c.
The question here made, depends upon the sufficiency of the condition, as set out in the oci. fa. to render the hail liable.
In England, upon the execution of a writ, the sheriff takes a bail bond payable to himself, conditioned that the defendant appear and answer to the action. If he fails, the bond is forfeited, and the sheriff assigns it to the plaintiff in the action. Petersdorf on Bail 204. This is called bail below, or bail to the sheriff. As the bond is conditioned for the defendant’s appearance in court, on the return of the process, it is obvious that in strictness of law, nothing can be a performance of that condition, but effecting what is techniebally termed an appearance. This is accomplished by putting in special bail to the action, or bail above. Special bail undertake, that the defendant if convicted', shall satisfy the plaintiff or render himself to proper custody. Petersdorf on Bail 267. The form of the undertaking is this “you (naming the bail) do jointly and severally undertake, that if C. 35. should be condemned in this action, at the suit of A. B. ho shall satisfy the costs and condemnation, or render himself to the custody of the Marshall of the Marshalsea of the court of King’s bench, or you will do it for him.” Petersdorf on Bail 289, Thus stood the Jaw in North Carolina, until the passage of the act of 1794, c. 1. That act provides in the eleventh section, that when a writ shall issue, commanding the sheriff to take the body of any person to answer to any action, the sheriff shall take bond, with two sufficient securities in double the sum for which such person shall be held in arrest, and shall return such bond with the writ. The twelfth section makes it the duty of the sheriff to assign the bond to the plaintiff in the action, and gives the form of an assignment.
The 14th section enacts that “all bail taken according to the directions of this act, shall be deemed, held and taken to be special bail, and as such liable to the recovery of the plaintiff.”
As this act of assembly does not prescribe what shall be the *275 condition of the bond, which the sheriff is required to take, but only declares its legal effect; — which legal effect, being the same to which special bail before its passage were subject, it would seem to follow, that the condition of the bond, ought to conform in substance to the terms of the undertaking into which special bail theretofore were required to enter. Under this act, the condition to appear and answer to the action (which was the undertaking of bail below) would be wholly useless. — The object of the bond is, that the defendant shall satisfy the judgment which may be rendered against him, or surrender himself to prison or the bail will do it for him. — As this is the undertaking intended by the Statute, the obligation into which the parties enter, ought to be expressed in terms, the meaning of which would constitute such undertaking. The condition therefore ought to be “that the defendant will appear &c. and if condemned in the action, will satisfy the judgment of the court, or render himself to prison.
In the case before us, the bond is, that “he will appear to answer the complaint of Fielding G. Goodman, in a plea of trespass on the case and not depart without leave.”
This, although a very loose and indefinite expression of the character of the undertaking, may yet mean, that he would be forthcoming to render himself to prison, until he should be discharged from all liability to the plaintiff, either by a judgment of the court in his favor, or by the satisfaction of such judgment as might be rendered against him.
Whether this is a sufficient undertaking of the party, to hold him liable as special bail, it is not necessary to decide. Certain it is, that a condition simply to appear and answer to the action, would not be sufficient. The Legislature did not intend, that the bail should undertake in the bond for one thing, and be liable by law for another.
We therefore think, that as the sci. fa. only recites that the condition of the bail bond was that “Swayne should well and truly make his personal appearance at said return term of said capias, to answer the said Fielding G. Goodman according to the requirements of said capias,” there is a material and fatal variance between this recital, and the bond offered in evidence upon the plea of nul tiel record.
Judgment reversed.